```
DAVID G. BANES, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683
```

FILED
Clerk
District Court

AUG -5 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**Attorneys for Plaintiff William Kaipat**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| WILLIAM KAIPAT as personal representative of KIMITOSY WILLY, deceased,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TATSUYA OIKE,<br><br>　　　　Defendant. | ) CIVIL CASE NO. ~~05-0228D~~ CV 05-0025<br>)<br>)<br>)<br>)<br>)<br>) COMPLAINT AND DEMAND<br>) FOR JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>) |

　　COMES NOW William Kaipat, on behalf of the estate of Kimitosy Willy, by and through counsel, and for his Complaint states and alleges as follows:

**JURISDICTION AND PARTIES**

　　1.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 as this matter involves citizens of different states and the matter at issues is worth more than $75,000.00. This Court has supplement jurisdiction pursuant to 28 U.S.C. § 1367.

```
DAVID G. BANES, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683
```

FILED
Clerk
District Court

AUG -5 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**Attorneys for Plaintiff William Kaipat**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

WILLIAM KAIPAT as personal representative of KIMITOSY WILLY, deceased,

　　　　Plaintiff,

vs.

TATSUYA OIKE,

　　　　Defendant.

) CIVIL CASE NO. ~~05-0228D~~ CV 05-0025
)
) COMPLAINT AND DEMAND
) FOR JURY TRIAL

　　COMES NOW William Kaipat, on behalf of the estate of Kimitosy Willy, by and through counsel, and for his Complaint states and alleges as follows:

**JURISDICTION AND PARTIES**

　　1.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 as this matter involves citizens of different states and the matter at issues is worth more than $75,000.00. This Court has supplement jurisdiction pursuant to 28 U.S.C. § 1367.

*ORIGINAL*

2. Plaintiff William Kaipat ("Plaintiff" or "Kaipat"), is a citizen of the United States residing in Saipan, the Commonwealth of the Northern Mariana Islands. Kaipat is decedent's brother.

3. Kimitosy Willy (hereinafter "Willy" or the "decedent") died on or about January 31st 2005. William Kaipat has been appointed as the Administrator of the decedent's estate.

4. Defendant Tatsuya Oike ("Oike" or "Defendant") is an individual and, on information and belief, a citizen of Japan.

## FACTS

5. At all times herein mentioned, Defendant Tatsuya Oike was authorized to drive a scooter license plate number TEM 2835 (the "scooter"), which belongs to Ju and Han Corporation.

6. On or about January 31, 2005, Decedent began crossing 2W-Highway, Tanapag with two his friends. Then suddenly and without warning, Defendant, intoxicated and speeding, struck Kimitosy Willy.

7. The force of the impact resulted in Willy's fatal injury to his head. An ambulance was called, and Willy was taken to the Commonwealth Health Center's Intensive Care Unit where he later died from a subdural hemorrhage.

8. Tatsuya Oike, with deliberate disregard and reckless indifference to the safety of others, recklessly, grossly, negligently and carelessly operated the scooter and failed to look out for other users of the road including Kimitosy Willy, all in violation of the CNMI's vehicular

laws, so that his scooter struck pedestrian Kimitosy Willy, directly causing Willy's death and his brother William Kaipat's losses and damages complained of herein (the "accident").

9. At all times herein mentioned, Kimitosy Willy exercised all due care and caution for his safety and the safety of others.

## CAUSES OF ACTION
## FIRST CLAIM FOR RELIEF: NEGLIGENCE

10. Plaintiff re-alleges and incorporates herein in paragraphs 1 through 9.

11. As a proximate result of the deliberate disregard of and reckless indifference to the safety of others and gross negligence of Tatsuya Oike and his failure to comply with the CNMI traffic rules, including failing to keep a proper look-out, speeding and driving while intoxicated, Kimitosy Willy suffered severe physical injuries requiring the services of physicians and surgeons, nurses and other medical personnel and eventually died.

12. As a proximate result of the deliberate disregard of and reckless indifference to the safety of others and gross negligence of Defendant and his failure to comply with the CNMI traffic rules, including failing to keep a proper look-out, speeding and driving while intoxicated, decedent suffered physical and emotional damages, all to his damage in an amount to be proven at trial.

13. As a further proximate result of the recklessness and gross negligence of Defendant, the Estate has suffered damages such as lost wages, future earnings and earning capacity, all to its damage in amounts which continue to accrue and which will be determined at trial.

14. As a further and proximate result of the recklessness and negligence of Defendant, Plaintiff suffered and continues to suffer severe and permanent mental pain and anguish, all to his damage in amount to be proven at trial.

15. As Defendant acted with reckless disregard by consuming alcohol before operating a scooter, Plaintiff is entitled to punitive damages.

## CAUSES OF ACTION
## SECOND CLAIM FOR RELIEF-WRONGFUL DEATH

16. Plaintiff re-alleges and incorporates herein paragraphs 1 through 9 and 11-15.

17. The laws of the Commonwealth of the Northern Mariana Islands recognize when the death of a person is caused by wrongful act, neglect or default such would have entitled the party injured to maintain an action and recover damages in respect thereof if death had not ensued, is a cause of action. *See*, 7 CMC § 2101 et seq.

18. As a direct and proximate result of Defendant's negligence, Plaintiff has had to incur funeral and other expenses related to the death of his brother in an amount to be proven at trial.

19. As a direct and proximate result of Defendants' negligence, Kimitosy Willy died. And before his death, he suffered pain and mental shock and anguish from the time he entered the hospital until he died. His physical pain, suffering, and mental anguish continued to a greater or lesser degree throughout the time of his hospitalization and treatment. For such pain and suffering, Defendant is liable in an amount to be proven at trial.

20. As a result of the untimely death of Kimitosy Willy, the Estate has suffered loss of financial support from the loss of the anticipated earnings in the future until his retirement. For such loss, Defendant is liable in an amount to be proven at trial.

As a result of the untimely death of Kimitosy Willy, Plaintiff suffered permanent emotional pain and suffering and mental anguish. For such pain and suffering, Defendant is liable in an amount to be proven at trial.

22. As Defendant acted with reckless disregard by consuming alcohol before operating a scooter, Plaintiff is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

a. For immediate expenses associated with the death in an amount to be proven at trial (medical and funeral);
b. For loss of victim's anticipated earnings in the future until time of retirement or death in an amount to be proven at trial;
c. For loss of benefits caused by the victim's death in an amount to be proven at trial;
d. For pain and suffering, or mental anguish to the survivors in an amount to be proven at trial;
e. For loss of care, protection, to the survivors in an amount to be proven at trial;
f. For general damages in an amount to be proven at trial;
g. For special, statutory and liquidated damages in an amount to be proven at trial;
h. For an award of punitive damages;
i. For pre-judgment and post-judgment interest as allowed by law;

1  j. For costs of suit herein; and

2  k. For such other and equitable relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues so triable.

Date: August 4, 2005.

Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff William Kaipat

By: _____
DAVID G. BANES